<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

JOHN FULLMAN,

    Plaintiff,

v.

PHILLIPS 66 COMPANY,

    Defendant.

Civil Action No. 26-5613 (SDW) (MAH)

**WHEREAS OPINION & ORDER**

May 20, 2026

**WIGENTON, District Judge.**

  **THIS MATTER** having come before this Court upon *pro se* Plaintiff John Fullman's ("Plaintiff") Complaint, (D.E. 1 ("Compl.")), and accompanying application to proceed *in forma pauperis*, (D.E. 1-2 ("IFP application")); and this Court having reviewed the Complaint for sufficiency pursuant to Federal Rule of Civil Procedure ("Rule") 8(a) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); and

  **WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit demonstrating he is "unable to pay such fees," but must dismiss a case that is frivolous, "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. §§ 1915(a)(1), (e)(2)(B); *see Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021); and

1

**WHEREAS** Plaintiff's application to proceed *in forma pauperis* sufficiently demonstrates that Plaintiff cannot pay the filing fee as Plaintiff is currently on worker's compensation and has two dependents. (D.E. 1-2 at 3, 5); and

**WHEREAS** pursuant to Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The complaint must apprise the defendant with "fair notice of what the claim is and the grounds upon which it rests," containing "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Courts apply the same standard under Rule 12(b)(6) to *sua sponte* dismiss a complaint for failure to state a claim. *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); and

**WHEREAS** *pro se* complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), must still "state a plausible claim for relief," *Yoder v. Wells Fargo Bank*, 566 F. App'x 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); and

**WHEREAS** Plaintiff alleges his employer, Defendant Phillips 66 Company, has engaged in violations of Title VII of the Civil Rights Act of 1964, including "racial discrimination, retaliation, hostile work environment, disparate treatment, harassment, and related unlawful employment practices." (Compl. at 1.) Plaintiff also purports to bring a class action on behalf of thirteen other African American complainants. (*Id.*); and

**WHEREAS** this Court finds that Plaintiff's Complaint is comprised of conclusory statements and fails to even make out "threadbare recitals of the elements of a cause of action."

2

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Each of the four counts asserted is followed by a single sentence stating that Defendant is liable for that given cause of action with nothing more, which does not sufficiently apprise Defendant with fair notice of what the claims are, let alone the grounds upon which they rest.  (*See, e.g.*, Compl. at 2 ("Defendant engaged in lawful discrimination on the basis of race in violation of Title VII.").); and

**WHEREAS** additionally, "it is well established that non-attorney plaintiffs who proceed *pro se* may not serve as class representatives in a putative class action." *Pridgen v. Amazon.com Servs. LLC*, No. 25-7589, 2026 WL 735250, at \*7 (D.N.J. Mar. 16, 2026); *Hogan v. Rogers*, 570 F.3d 146, 158–59 (3d Cir. 2009).  Plaintiff proceeds *pro se* and is not an attorney; thus, he cannot represent anyone other than himself; therefore

**IT IS**, on this 20th day of May 2026,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED** and Plaintiff's Complaint is *sua sponte* **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted under Rule 12(b)(6).  Plaintiff shall have thirty (30) days to amend his complaint; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

**SO ORDERED.**

                                        /s/ Susan D. Wigenton
                                      **SUSAN D. WIGENTON, U.S.D.J.**

Orig:       Clerk
cc:           Parties
              Michael A. Hammer, U.S.M.J.